**No. 58271.**—Jack Ramivitch and Boris Erwitt and W. J. Byrnes & Co. *v.* United States, protest 126485–K (Los Angeles).

EKWALL, Judge: Plaintiffs in this case claim that the currency of the invoice was improperly converted into United States dollars and that the provisions of section 522 of the Tariff Act of 1930 were not followed. In an amendment to the protest, it is claimed that an attempted second appraisement was illegal and void and that liquidation based thereon is likewise illegal.

The collector's report states that the authority of the agents to file the protest has not been established. We note that the protest is signed:

> JACK RAMIVITCH and BORIS ERWITT
> 1975 No. BEECHWOOD DRIVE, LOS ANGELES
>
> W. J. BYRNES & Co.
>     C. T. K. Robinson
>
> LAWRENCE, TUTTLE & HARPER, ATTORNEYS
>     500 SANSOME STREET, SAN FRANCISCO 11

A member of the firm of attorneys for the plaintiffs appeared at the trial of the case, and we find that "Jack Rachmilorich & Boris Erwitt" appear on the entry as importers of record. The question of the sufficiency of the signature was not pressed by the defendant, apparently being waived. We find the protest and amendment thereto sufficient in form.

At the hearing, it developed that the appraiser at the port of entry had died since the merchandise was imported. Plaintiffs introduced the testimony of Mr. Hollis J. Reed, who was the appraiser at the time of the hearing. He testified that he had been in the office of the appraiser at that port for 29 years and had served there while the former appraiser, Mr. Gulick, was in office, and that he had seen Mr. Gulick's signature thousands of times. The attention of this witness was directed to a statement in red ink on the consular invoice over the initials GRG. He stated that he recognized the handwriting as that of Mr. Gulick. An inspection of the invoice shows on the face thereof the following in red ink:

Appraised in "Free" Swiss Francs at the unit values as invoiced, plus packing as invoiced also in "Free" Swiss Francs.     GRG

Plaintiffs claim that the appraiser appraised the merchandise and, subsequently, struck out his appraisement and substituted a different one. An examination of the summary of examination and appraisement sheet in evidence shows that the column "APPRAISED" is checked with a red-ink check. This check mark, as stated in the printed "EXPLANATION" on said document, indicates that "the appraised value agrees with the entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or at-

tached thereto." In the lower left-hand corner of this sheet is the signature "G. R. Gulick" in red ink. This has been scratched out and a duplicate "G. R. Gulick" written above it. At the date line of the sheet appears "Mar. 29, 1944," which has been scratched out, and a later date, "Mar. 6–1946," placed alongside the first date.

It is plaintiffs' contention that this case is governed by the decision in the case of *The Gruen Watch Company* v. *United States*, 24 Cust. Ct. 101, C. D. 1216. There, the facts, as established by a stipulation of counsel, were as follows: The merchandise consisted of watchcases, movements, and parts, imported from Switzerland. The invoices were made out in Swiss francs. On entry, the value was expressed in United States dollars. Due to the fact that no certified rates of exchange for Swiss francs were available to the collector, he withheld liquidation of the entry until such time as the Treasury issued instructions for the conversion of Swiss francs. (T. D. 51398.) After receipt of such instructions, the papers were returned to the appraiser for action in conformity therewith. The appraiser then in office thereupon altered the summary sheet by drawing a red-ink line through the date of original appraisement and the name of the acting appraiser, inserted a later date and his own name as appraiser, and, in the column headed "Remarks," wrote the words "Free Swiss Fcs. T. D. 51398." The court held, upon the evidence there produced, that the action of the appraiser constituted an attempted second appraisement which was beyond the scope of his authority to make and which was, therefore, void and that liquidation based upon such second appraisement was likewise void.

We must, therefore, examine the record in the instant case in order to determine whether plaintiffs have proved sufficient facts to bring themselves within the ruling in the case cited. The witness who testified on behalf of the plaintiffs stated that he had seen the signature of Mr. Gulick, the appraiser, thousands of times and that the handwriting on the consular invoice, above set forth, was that of Mr Gulick. He also testified that he was familiar with the instructions contained in said T. D. 51398, directing collectors of customs to return invoices to the appraisers of this class of merchandise for clarification or statement of the currency in which the goods were appraised. In answer to a question as to his knowledge of whether Mr. Gulick, upon his initial appraisement of watch movements from Switzerland, made a statement as to the currency in which appraisement was made, the witness stated he had no knowledge as to that. Nor did he know whether said Gulick placed the statement upon the consular invoice subsequent to March 29, 1944, the original date appearing on the summary sheet. He testified that it was his belief that the statement as to the type of franc, namely, the "Free" Swiss franc, made by Mr. Gulick on the invoice, was made subsequent to his initial signing of the invoice, but that he had no personal knowledge as to that; he did not see Mr. Gulick make the statement.

Upon the above state of the record, we are unable to find that the facts here developed constitute substantial evidence that the liquidation herein was based upon an attempted second appraisement. We deem the testimony of the witness Reed sufficient to identify the handwriting of Mr. Gulick, the appraiser. Mr. Reed had served in the office of the appraiser at the port of entry for 29 years and testified to having seen Mr. Gulick's signature thousands of times. His testimony is, therefore, admissible and, under the circumstances of this case, we find that it carries considerable weight as to the authenticity of the signatures of the appraiser.

A witness, who in the course of official business or in any other way has acquired by experience a knowledge of a person's handwriting, may state his opinion as to whether a particular writing was made by such person. [32 C. J. S. Evidence, § 516b(4)—Handwriting.]

However, proof is lacking on the question of the time when the notation was placed on the invoice stating the currency in which the merchandise was appraised to be "Free" Swiss francs. If it was made subsequent to the time the summary sheet was checked by the appraiser, it would constitute an attempted second appraisement which, under the decisions, would be void. *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561; *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118; *United States* v. *Alex. Murphy & Co.*, id. 461, T. D. 43210; *James S. Kean* v. *United States*, 20 C. C. P. A. (Customs) 388, T. D. 46186. While the witness Reed stated it as his belief that said notation was placed on the invoice subsequent to the first appraisement, he failed to state the grounds for such belief and qualified his statement by saying that he had no personal knowledge as to that.

The appraiser checked the value on the summary sheet as correct. That value was the unit "entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto." In this case, the information on the invoice showed the currency to be Swiss francs. On entry, the importers converted the Swiss francs into United States dollars. The collector, in liquidation, as shown by the notations on the entry, adopted a different rate of exchange from that used by the entrants, thereby arriving at different and higher values in United States dollars. That conversion of currency is the duty of the collector, is well settled. It is the duty of the appraiser to value the goods as of the time of exportation in the currency of the country from which they are imported, and it is the duty of the collector to convert that valuation into United States currency at the proclaimed or certified rate. *Masson* v. *United States*, 1 Ct. Cust. Appls. 149, T. D. 31209. See also *Giovanni Ascione* v. *United States*, 32 Treas. Dec. 725, T. D. 37252.

Upon the record before us, we find that plaintiffs have not sustained their burden of proof. The protest is, therefore, overruled. Judgment will be rendered for the defendant.